UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JEROME STEVENSON-BEY,

                                      Plaintiff,

                 -against-

THE CITY OF NEW YORK, POLICE OFFICER RAUL
NAREA, POLICE OFFICER ALFRED GENEO, POLICE
OFFICER STEVEN DIMARIO, tax # 934774,

                                    Defendants.

**FIRST AMENDED COMPLAINT**

09 CV 5207 (JBW) (RER)

<u>Jury Trial Demanded</u>

------------------------------------------------------------------------ x

## **PRELIMINARY STATEMENT**

1.      This is an action brought pursuant to 42 U.S.C. § 1983 alleging civil rights violations by the City of New York and New York City Police Officers.  Plaintiff alleges that, on July 17, 2009, in Brooklyn, a Police Officer of the 83rd Precinct used unreasonable force on plaintiff fracturing his nose and busting open his lip in violation of the Fourth Amendment to the United States Constitution.  Plaintiff further alleges that a second police officer observed this unlawful use of force on plaintiff but failed to fulfill his duty under federal law to intervene.  Third, plaintiff alleges that police officers employed in the 83rd Precinct refused to provide plaintiff with medical care for his injuries in violation of the Fourteenth Amendment.  Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

## **JURISDICTION & VENUE**

2.      This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States Constitution.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. Plaintiff invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367 to hear and decide his claims brought under New York state law.

4. With respect to plaintiff's state law claims, a notice of claim was duly filed with the City of New York within 30 days after the incident in question, more than 30 days have elapsed since such filing and the City has not offered to settle plaintiff's state law claims.

5. Venue is proper in the Eastern District of New York pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

6. Plaintiff is a resident of the State of New York, County of Kings. Plaintiff is presently in the custody of the New York Department of Correctional Services serving a two-year sentence for possession of a weapon.

7. The City of New York is a municipal corporation organized under the laws of the State of New York.

8. Raul Narea, Alfred Geneo and Steven Dimario are New York City Police Officers who were assigned to the 83rd Precinct on July 17, 2009. The officers were acting under color of state law and in their capacities as New York City Police Officers on July 17, 2009. The officers are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. The officers are sued in their individual capacities.

## STATEMENT OF FACTS

9. On July 17, 2009, at approximately 6:15 a.m., New York City Police Officers employed in the Emergency Services Unit and the 83rd Precinct broke down the door to

263 Linden Street, apartment # 1A, in Brooklyn, and arrested plaintiff, who was sleeping in the living room, and several others.

10. Plaintiff and the others were arrested for possession of a weapon and drugs.

11. Plaintiff and one of the other occupants, Gilberto Alvarez, were handcuffed and brought to a police van.

12. Solely because plaintiff had a very brief peaceful conversation with Alvarez at the van, Officer Raul Narea, a Hispanic officer in uniform who has tattoos on his arms and wears glasses, punched the handcuffed plaintiff several times in the face fracturing his nose and busting open his lip.

13. Officer Alfred Geneo, a Hispanic officer in uniform, observed this unlawful use of force on plaintiff but failed to fulfill his duty under federal law to intervene.

14. After plaintiff was battered, Officers Narea and Geneo took plaintiff to the 83rd Precinct.

15. Plaintiff was brought inside the 83rd Precinct and put before a desk officer.

16. Plaintiff immediately requested medical attention.

17. Officer Narea then put plaintiff into a cell.

18. Plaintiff continued to ask police officers for medical attention.

19. Officer Steven Dimario, an officer in plainclothes who was plaintiff's designated "arresting officer," told plaintiff that if he continued to ask for medical attention and complain about the use of force, he and other officers would add charges such as resisting arrest or assault on an officer.

20. Plaintiff continued to ask for medical attention but it was never provided.

21. On July 18, 2009, in the afternoon, an unidentified officer took plaintiff to Brooklyn Central Booking.

22. Plaintiff asked an emergency medical technician in Brooklyn Central Booking for medical attention.

23. In response, two central booking officers took plaintiff to Long Island College Hospital.

24. Doctors at the hospital diagnosed plaintiff as having a nasal fracture and a severe laceration to the lip which required several stitches.

25. After receiving medical attention, including a cat-scan, plaintiff was taken back to Brooklyn Central Booking.

26. Plaintiff was arraigned on July 19, 2009, bail was set and plaintiff was taken to Rikers Island.

27. Plaintiff received additional medical attention in Rikers Island.

28. Plaintiff subsequently made bail and returned to Long Island College Hospital for follow-up treatment.

29. A doctor told plaintiff that he needed surgery to his nose.

30. Plaintiff scheduled the surgery but, before it could take place, plaintiff, pursuant to a plea agreement, was taken into custody to serve a two-year prison sentence.

31. Plaintiff is presently in state custody and is asking prison doctors to arrange for him to have surgery.

32. Plaintiff suffered damage as a result of defendants' actions. Plaintiff suffered and continues to suffer physical injuries including a fractured nose and a severe laceration to his lip. Plaintiff also suffered and continues to suffer pain and mental anguish.

## FIRST CLAIM

## (UNREASONABLE FORCE)

33. Plaintiff repeats the foregoing allegations.

34. Defendants' use of force on a compliant and subdued plaintiff was objectively unreasonable and in violation of plaintiff's rights under the Fourth Amendment.

## SECOND CLAIM

## (ASSAULT)

35. Plaintiff repeats the foregoing allegations.

36. Defendants assaulted plaintiff in violation of state law because the physical attack described herein placed plaintiff in fear of imminent harmful and offensive contact.

## THIRD CLAIM

## (BATTERY)

37. Plaintiff repeats the foregoing allegations.

38. Defendants battered plaintiffs in violation of state law because the physical attack described herein constituted a wrongful physical contact.

## FOURTH CLAIM

## (DENIAL OF MEDICAL CARE)

39. Plaintiff repeats the foregoing allegations.

40. Defendants' refusal to provide plaintiff with medical care in the 83rd Precinct violated plaintiff's rights under the Fourteenth Amendment and state law.

## FOURTH CLAIM

## (MONELL CLAIM)

41. Plaintiff repeats the foregoing allegations.

42. The City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

43. Upon information and belief, the City of New York, at all relevant times, was aware that the officers who attacked plaintiff and denied him medical care are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

44. Despite the above, the City of New York exercised deliberate indifference by failing to take remedial action.

45. The City failed to properly train, retrain, supervise, discipline, and monitor the officers and improperly retained and utilized him.

46. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the officers.

47. The aforesaid conduct by the City of New York violated plaintiff's rights under the Fourth and Fourteenth Amendments.

## SEVENTH CLAIM

## (RESPONDEAT SUPERIOR)

48. Plaintiff repeats the foregoing allegations.

49. The City of New York is vicariously liable under state law for assault, battery and denial of medical care because the officers involved in this case were acting within

the scope of their employment as New York City Police Officers when they committed the aforesaid torts.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

a. Compensatory damages in an amount to be determined by a jury;

b. Punitive damages in an amount to be determined by a jury;

c. Attorney's fees and costs;

d. Such other and further relief as this Court may deem just and proper.

DATED: March 10, 2009
Brooklyn, New York

/s/
_____
RICHARD J. CARDINALE
Attorney at Law
26 Court Street, Suite 1815
Brooklyn, New York 11242
(718) 624-9391